OPINION
{¶ 1} On January 4, 2002, the Licking County Grand Jury indicted appellant, Shaun McCoy, on one count of burglary in violation of R.C.2911.12 and one count of grand theft in violation of R.C. 2913.02. Said charges arose from the burglary of a home and the theft of a vehicle belonging to Sharon Blackett, the next door neighbor of Clayton and Sandy Moss. The Mosses possessed the keys to Ms. Blackett's home and vehicle as they were "watching" her home and vehicle while she was out of town. Appellant was temporarily staying with the Mosses.
 {¶ 2} A jury trial commenced on June 22, 2002. The jury found appellant guilty of the grand theft count and not guilty of the burglary count. By judgment entry filed July 31, 2002, the trial court sentenced appellant to fifteen months at the Orient Reception Center, to be served consecutively to a sentence imposed in a separate case.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred, depriving defendant-appellant his right to due process of law under the Fifth Amendment to the Constitution of the United States when it entered judgment against the defendant for grand theft of a motor vehicle when the evidence was insufficient to sustain a conviction and was not supported by the manifest weight of the evidence."
 I {¶ 5} Appellant claims his conviction was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 6} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. We note "circumstantial evidence may be more certain, satisfying and persuasive than direct evidence." State v. Richey, 64 Ohio St.3d 353, 363,1992-Ohio-44. Circumstantial evidence is to be given the same weight and deference as direct evidence. Jenks.
 {¶ 7} Appellant was convicted of one count of grand theft in violation of R.C. 2913.02 which states as follows:
"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
"(1) Without the consent of the owner or person authorized to give consent;
"(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;"
 {¶ 8} Appellant argues the state failed to present evidence that he knowingly obtained or exerted control over the subject vehicle. He argues the only evidence presented at trial to support this element was the fact that the vehicle "was found on the same date in the same Ohio city" where appellant was found and arrested. Appellant's Brief at 6.
 {¶ 9} Although there is no direct testimony of the actual theft of the vehicle, there is sufficient circumstantial evidence to support the conviction. Appellant was one of five individuals who knew where the keys to the vehicle were, and he had access to them. T. at 76-78, 87-88, 95-96, 98, 118, 139-140, 147-148. Appellant was the only individual missing from the Moss residence when the theft of the vehicle/keys was discovered. T. at 93, 97, 122-123, 150. Appellant had no transportation yet he disappeared at the approximate time the subject vehicle was last seen. T. at 81, 121, 140. Appellant left the Moss residence with all of his possessions and without any notice to the individuals in the residence. T. at 93-94, 96-97, 122.
 {¶ 10} When the vehicle was discovered, its steering column was intact. T. at 164-165. Appellant and the vehicle were found in Marion, Ohio on the same day, December 15, 2001. T. at 69, 170. Appellant had left the Buckeye Lake area on the evening of December 1, 2001 and was seen in Marion on December 2, 2001. T. at 174.
 {¶ 11} Based upon the foregoing, we find sufficient evidence, albeit circumstantial, to support the conviction and no manifest miscarriage of justice.
 {¶ 12} The sole assignment of error is denied.
 {¶ 13} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Edwards, J. concurs.
Boggins, J. dissents.
Topic: Conviction on grand theft of vehicle on circumstantial evidence upheld.